UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

COMMONWEALTH BANK AND
TRUST COMPANY                                                                              PLAINTIFF

v.                                                                   CIVIL ACTION NO. 3:13-CV-01204-CRS

UNITED STATES OF AMERICA                                                                   DEFENDANT

### MEMORANDUM OPINION

This matter is before the Court on a FED. R. CIV. P. 12(b)(6) motion to dismiss (DN 6) Count One of Plaintiff Commonwealth Bank & Trust Company's ("Commonwealth") Complaint filed by Defendant United States of America (the "United States"). For the reasons set forth below, the Court will grant the motion to dismiss.

### BACKGROUND

Unless otherwise indicated, the following facts are undisputed. Commonwealth acts as a fiduciary of numerous pension plans, individual retirement accounts, and employee benefit plans with respect to which it is responsible for withholding federal income taxes. For taxable years 2004, 2005, 2007, 2008, 2009, and 2010, Commonwealth timely and fully deposited all withheld income taxes, but failed to comply with 26 C.F.R. § 31.6302-1(h)(2)(ii)'s requirement that taxpayers depositing more than $200,000 of taxes "must use electronic funds transfer… to make all deposits of those taxes." As a result, the Internal Revenue Service ("IRS") assessed

Commonwealth with failure-to-deposit penalties in the amount of $252, 842.87 pursuant to 26 U.S.C. § 6656(a), which provides as follows:

> In the case of any failure by any person to deposit (as required by this title or by regulations of the Secretary under this title) on the date prescribed therefor any amount of tax imposed by this title in such government depository as is authorized under section 6302(c) to receive such deposit, unless it is shown that such failure is due to reasonable cause and not due to willful neglect, there shall be imposed upon such person a penalty equal to the applicable percentage of the amount of the underpayment.

After paying the assessment in full and having its claims for refund denied by the IRS, Commonwealth filed the present action on December 12, 2013, alleging that the IRS improperly imposed the assessment under Section 6656(a) because: 1) there was no "failure… to deposit" insofar as Commonwealth timely and fully deposited all withheld income taxes (Count One); and 2) even if there were a failure to deposit, such failure was "due to reasonable cause and not due to willful neglect" (Count Two). Rather than failing to deposit its taxes at all, Commonwealth argues that it merely failed to follow the proper procedures for doing so. Arguing that Section 6656(a) applies only to a "failure… to deposit," Commonwealth claims that it did not violate Section 6656(a) and therefore should not have been assessed failure-to-deposit penalties thereunder.

On February 18, 2014, the United States filed a motion to dismiss (DN 6) Count One of Commonwealth's Complaint on the grounds that Section 6656(a) applies not only to a failure to deposit *per se*, but also a "failure… to deposit (as required by this title or by regulations of the Secretary under this title)…" 26 U.S.C. § 6656(a). Because 26 C.F.R. § 31.6302-1(h)(2)(ii) requires that taxpayers depositing more than $200,000 of taxes "must use electronic funds transfer… to make all deposits of those taxes," the United States argues that Commonwealth's

manual deposit of its taxes amounted to a "failure… to deposit (as required by this title or by regulations of the Secretary under this title)…" 26 U.S.C. § 6656(a).

Having considered the parties' briefs and being otherwise sufficiently advised, the Court will now address the motion to dismiss.

## DISCUSSION

There is no dispute that Commonwealth's tax obligation, on the occasion in question, was in excess of $200,000, and that 26 C.F.R. § 31.6302-1(h)(2)(ii) required Commonwealth's payment to be by EFT. There is also no dispute that the IRS furnished deposit forms to Commonwealth, and that Commonwealth erroneously used those forms to deposit its tax obligation rather than using an EFT. Commonwealth's deposit was timely, and in the full amount due.

The IRS assessed the penalty against Commonwealth pursuant to 26 U.S.C. § 6656(a), which provides as follows:

> In the case of any failure by any person to deposit (as required by this title or by regulations of the Secretary under this title) on the date prescribed therefor any amount of tax imposed by this title in such government depository as is authorized under section 6302(c) to receive such deposit, unless it is shown that such failure is due to reasonable cause and not due to willful neglect, there shall be imposed upon such person a penalty equal to the applicable percentage of the amount of the underpayment.

26 U.S.C. §6656(a).

While conceding that the payment method it used was incorrect, Commonwealth contends that dismissal of Count One is inappropriate because there has been in fact no "underpayment." 26 U.S.C. § 6656(b)(2) defines the term "underpayment" as "the excess of the amount of the tax required to be deposited over the amount, if any, thereof deposited on or before the date prescribed therefor." Because it fully deposited its taxes—albeit in the wrong

3

manner—Commonwealth argues that, in the case at bar, "the excess of the amount of the tax required to be deposited over the amount… thereof deposited…" equals zero. Accordingly, Commonwealth contends that no penalty should have been imposed based on an alleged "underpayment."

Several courts have considered, and rejected, the argument articulated by Commonwealth on the grounds that it is inconsistent with the plain language and purpose of Section 6656(a). *See Fallu Prods., Inc. v. United States*, No. 06-Civ. 13248, 2008 WL 397912 (S.D.N.Y. Feb. 13, 2008); *F.E. Schumacher Co., Inc. v. United States*, 308 F.Supp.2d 819, 821 (N.D. Ohio 2004).

In *F.E. Schumacher Co., Inc.*, the IRS assessed the plaintiff failure-to-deposit penalties based on its manual deposit of payroll and unemployment taxes. 308 F.Supp.2d at 821. In challenging the assessment, the plaintiff argued "that penalties for its refusal to abide by Code procedures are not authorized by Section 6656 because no 'underpayments' ever existed." *Id.* at 827. In concluding that the assessment was properly imposed, the court explained that:

> Under Plaintiff's interpretation, taxpayers could ignore any and all other requirements of the tax Code and still avoid penalties under 6656 as long as they make full and timely payment to an authorized government depository. Such a reading is inconsistent with the statutory purpose of Section 6656. Again, § 6656(a) contemplates penalties for "failure by any person to deposit (as required by this title or by regulations of the Secretary under this title)..." Plaintiff's interpretation strips the parenthetical language of any impact or meaning and effectively nullifies it. By focusing on the single word "underpayment," Plaintiff attempts to avoid the language which authorizes penalties for failure to make deposits "as required by Title 26." This selective interpretation is at odds with the overall intent and meaning of Section 6656 and renders subsections (a) and (b) inconsistent with one another.

*Id.* at 828.

Similarly, in *Fallu Prods., Inc.*, the plaintiff "assert[ed] that [Section 6656(a)] authorizes penalties only for a deficiency in the amount of taxes paid, not for a deficiency in the method by

4

which payment is made." 2008 WL 397912 at *2. Like the court in *F.E. Schumacher Co., Inc.*, the court explained that:

> Such an interpretation, however, ignores the subsection's parenthetical statement. Its placement immediately following "failure... to deposit" emphasizes that the deposit itself must satisfy the requirements of the Code and applicable Treasury Regulations. Even narrowly construed, the statute authorizes FTD penalties for violating a regulatory requirement that deposits be made electronically, even if payment is made in full and on time by other means. That § 6656(a) is titled "Underpayment of deposits" does not alter this conclusion because "[t]he caption of a statute... cannot undo or limit that which the statute's text makes plain." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 256 (2004) (citation omitted).
>
> This plain reading of § 6656(a) also fits with the broader statutory scheme. Section 6302(h) of the Code states that the Secretary of the Treasury "shall prescribe such regulations as may be necessary for the development and implementation of an electronic fund transfer system which is *required* to be used for the collection of depository taxes." 26 U.S.C. § 6302(h) (emphasis supplied). The statute further explains that the electronic system should "ensure that such taxes are credited to the general account of the Treasury on the date on which such taxes would otherwise have been required to be deposited under the Federal tax deposit system." *Id.* With its direction that the Treasury Department implement an electronic tax deposit system and prescribe regulations to govern its operation, Congress expressed its intent that the system be utilized and made obligatory for certain depository taxes. The reading that Fallu advocates, however, would leave the choice of deposit method to the taxpayer.

*Id.* Accordingly, the court concluded that "the penalty provision of 26 U.S.C. § 6656 does, by its text, reach a taxpayer's failure to deposit taxes electronically when required to do so by regulation." *Id.* at *3.

For the reasons set forth in these decisions, the Court likewise concludes that Section 6656(a) authorizes the imposition of a penalty based on a taxpayer's failure to comply with 26 C.F.R. § 31.6302-1(h)(2)(ii)'s requirement that taxpayers depositing more than $200,000 of taxes "must use electronic funds transfer… to make all deposits of those taxes." In addition, the Court notes an additional basis for concluding that Section 6656(a) was intended to authorize such a penalty. As part of the Taxpayer Relief Act of 1997, Congress sought to temporarily relieve

small businesses of the burden of depositing funds electronically by enacting the following provision:

> No penalty shall be imposed under the Internal Revenue Code of 1986 solely by reason of a failure by a person to use the electronic fund transfer system established under section 6302(h) of such Code if—
>
> (1) such person is a member of a class of taxpayers first required to use such system on or after July 1, 1997, and
>
> (2) such failure occurs before July 1, 1998.

Taxpayer Relief Act of 1997, Pub. L. No. 105–34, 111 Stat. 788 (1997). By expressly providing that, for a specified time period, "no penalty shall be imposed… by reason of a failure by a person to use the electronic fund transfer system," Congress implicitly expressed its intent that, after expiration of the specified time period, penalties based on a taxpayer's failure to deposit by ETF could be properly assessed. Along with the reasons set forth in *F.E. Schumacher Co., Inc.* and *Fallu Prods., Inc.*, this further supports the proposition that Section 6656(a) authorizes the imposition of a penalty based on a taxpayer's failure to deposit by ETF.

Because it is undisputed that Commonwealth failed to make its deposit by ETF in accordance with 26 C.F.R. § 31.6302-1(h)(2)(ii), the Court will grant the motion to dismiss Count One of Commonwealth's Complaint.

A separate order will be entered in accordance with this opinion.

                **Charles R. Simpson III, Senior Judge**
                **United States District Court**

July 3, 2014