UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

COMMONWEALTH BANK AND                                           PLAINTIFF
TRUST COMPANY


v.                                              CIVIL ACTION NO. 3:13-cv-01204-CRS


UNITED STATES OF AMERICA                                        DEFENDANT


**MEMORANDUM OPINION**

Plaintiff Commonwealth Bank and Trust Company ("CBTC") brings this action to recover tax penalties. Although CBTC paid its taxes on time using paper deposit coupons, the bank failed to electronically deposit taxes from 2004 through 2010 as required. The Internal Revenue Service subsequently assessed CBTC a failure-to-file penalty.

Defendant, the United States of America, moves for summary judgment. For the reasons below, the Courts finds that—as a matter of law—CBTC cannot demonstrate an entitlement to a penalty refund. The Court will *sua sponte* dismiss in part CBTC's claims for lack of subject matter jurisdiction and grant the United States' motion for summary judgment for the remaining claims.

**BACKGROUND**

Unless otherwise indicated, the following facts are undisputed. CBTC acts as a for-profit fiduciary for various pension plans, Individual Retirement Accounts, and other employee benefit plans. As the fiduciary of these accounts, CBTC withholds federal income tax from earnings and

1

then deposits the withheld taxes with the Internal Revenue Service. When CBTC withholds taxes, the Internal Revenue Code requires the bank to file with the Internal Revenue Service a Form 945 tax return.

When a taxpayer deposits more than $200,000 of taxes during one tax year, the taxpayer must use the Electronic Federal Tax Payment System ("EFTPS") for all deposits after the end of the following year and continuing in all subsequent years. *See* 26 C.F.R. § 31.6302-1(h)(2)(ii).

In 2002, CBTC's income tax withholdings exceeded $200,000. CBTC continued to manually deposit its taxes using Form 8109 paper coupons during the tax years 2004, 2005, 2007, 2008, 2009, and 2010 (collectively, the "relevant years").

During the relevant years, CBTC did not timely file its Forms 945. CBTC officially filed its Forms 945 for tax years 2003 through 2008 in March 2009, although the bank alleges it attempted to file some Forms 945 in mid to late 2008. CBTC filed the 2009 Form 945 in 2011 and the 2010 Form 945 in 2012. According to CBTC, the 2004 departure of Linda Reas, CBTC's former Trust Administrative Officer and Vice President, "caused a loss of institutional knowledge during the Tax Periods regarding these filings and the required process for deposits pursuant to Section 6656 of the Code." Pl.'s Resp. 32 n.20, ECF No. 40. Steven Prince – Senior Vice President and Manager of Trust Operations for CBTC – explicitly stated that "due to Ms. Reas' resignation from [CBTC] on or around January 2004, there was an internal breakdown in its preparing and filing of the Returns for five years (tax years 2003 through 2008)…." Prince Aff. ¶ 6, ECF No. 41-1.

The Internal Revenue Service assessed CBTC with failure-to-deposit penalties in the amount of $252,842.87 pursuant to 26 U.S.C. § 6656. CBTC filed suit against the United States

to recover the penalties under two counts: (1) there was no failure to deposit as CBTC timely and fully deposited all withheld income taxes; and (2) even if there was a failure to deposit, such failure was due to reasonable cause and not willful neglect. This Court previously dismissed count one for failure to state a claim. Order, ECF No. 13.

## STANDARD

Before granting a motion for summary judgment, the Court must find that "there is no genuine issue of material fact such that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court must view the evidence in a light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). However, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The non-moving party must show that a genuine factual issue exists by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence ... of a genuine dispute[.]" Fed. R. Civ. P. 56(c)(1). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

## DISCUSSION

### I. Subject Matter Jurisdiction

The United States argues that the Court lacks subject matter jurisdiction over CBTC's claim for abatement of the 2009 penalty because CBTC has not paid the entire penalty for that year. Refund suits cannot be maintained unless the tax or tax penalty has been fully paid. *See*

*Flora v. United States*, 357 U.S. 63 (1958); *Peppers v. United States*, 485 F. App'x 85, 87 (6th Cir. 2012); *Tiernan v. United States*, 113 Fed.Cl. 528, 533 (2013). The United States provided evidence that the 2009 tax penalty was not paid in full prior to the filing of the complaint. *See* 2009 IRS Account Transcript, ECF No. 36-9. In its complaint, CBTC stated that $35,666.04 has not been paid relating to failure to deposit penalties for 2009. *See* Compl. ¶ 6, n.1, ECF No. 1. Therefore, the Court does not have subject matter jurisdiction over CBTC's claim to the extent it seeks refund of the 2009 tax penalty.

Also, the United States argues that this Court lacks subject matter jurisdiction over a $9,100 payment for an amount owed for the 2007 tax year. CBTC made this payment on July 1 or 2, 2013, which was after CBTC filed its administrative refund claim on March 15, 2012. *See* 2007 IRS Account Transcript, ECF No. 36-7; Compl. ¶ 7, ECF No. 1. A plaintiff may only recover in a tax or tax penalty refund action the amount paid prior to filing a *refund claim*. *See Tiernan*, 113 Fed.Cl. at 532-33.

CBTC responded by arguing that that the United States waived its jurisdictional challenge. However, "Parties cannot … waive a court's lack of subject matter jurisdiction because, quite simply, subject matter jurisdiction cannot be created where none exists." *Thomas v. Miller*, 489 F.3d 293, 298 (6th Cir. 2007) (internal citation and quotations omitted).

The Court will *sua sponte* dismiss CBTC's claims for lack of subject matter jurisdiction to the extent they involve the 2009 tax penalty and the tax penalties which were unpaid prior to filing the administrative refund claim.

**II. Tax Penalty Refund**

The Court is tasked with the narrow question of whether CBTC's failure to electronically deposit taxes was due to reasonable cause and not willful neglect.

Under 26 C.F.R. § 31.6302-1(h)(2)(ii),

> a taxpayer that deposits more than $200,000 of taxes … during a calendar year …, must use electronic funds transfer … to make all deposits of those taxes that are required to be made for return periods beginning after December 31 of the following year and must continue to deposit by electronic funds transfer in all succeeding years.

CBTC does not dispute that in 2002 it deposited more than $200,000 of taxes. Therefore, beginning in 2004, CBTC was obligated to use EFTPS for tax deposits.

If a taxpayer fails to properly deposit taxes as required by the Internal Revenue Code or its regulations, including failure to use EFTPS when required, the United States may impose a penalty. 26 U.S.C. § 6656(a). If the taxpayer fails to properly file taxes using the EFTPS for more than 15 days after the prescribed date, the United States may impose a 10% penalty on the amount improperly filed. 26 U.S.C. § 6656(a)(1)(A)(iii). While CBTC did deposit taxes, it did not deposit those taxes using the EFTPS for more than 15 days after the prescribed date. The United States did impose the 10% penalty for the improperly filed taxes for the relevant years.

To successfully recover the tax penalty, the taxpayer bears the "heavy burden" of proving (1) that the failure to comply with tax regulation did not result from "willful neglect" and (2) that the failure was "due to reasonable cause." *United States v. Boyle*, 469 U.S. 241, 245 (1985); *see also* 26 U.S.C. § 6651(a)(1). In moving for summary judgment, the United States must show that there is no genuine issue of material fact that CBTC's failure resulted from willful neglect or that the failure was not due to reasonable cause.

1. <u>Willful Neglect</u>

Willful neglect is defined as "conscious, intentional failure or reckless indifference." *Boyle*, 469 U.S. at 245. While there is no evidence of conscious or intentional failure to comply with the underlying regulations, the undisputed facts show that CBTC acted with reckless indifference.

The relevant electronic deposit requirement was neither new nor buried ambiguously in the depths of Treasury regulations. In 1993, Congress began implementing an electronic tax filing system with a gradual phase-in period between 1993 and 1999. *Cf.* 26 U.S.C. § 6302. The promulgated regulations clearly required qualifying taxpayers to use EFTPS. *See* 26 C.F.R. § 31.6302-1(h). As an additional measure to ensure relevant taxpayers would remember to file electronically, the Instructions for Form 945 – a required filing for certain taxpayers, including CBTC – unambiguously state which taxpayers are required to pay their taxes with EFTPS. For example, the 2003 instructions stated:

> **Electronic deposit requirement**. You must make electronic deposits of all depository taxes (such as employment tax, withheld income tax, excise tax, and corporate income tax) using the Electronic Federal Tax Payment System (EFTPS) in 2004 if:
> - The total deposits of such taxes in 2002 were more than $200,000 or
> - You were required to use EFTPS in 2003. If you are required to use EFTPS and use Form 8109 instead, you may be subject to a 10% penalty.

2 – 3, ECF No. 37-1; *see also, e.g.*, 2004 Instructions for Form 945, ECF No. 37-2; 2005 Instructions for Form 945, ECF No. 37-3; 2006 Instructions for Form 945, ECF No. 37-4; 2007 Instructions for Form 945, ECF No 37-5.

Furthermore, CBTC failed to file its Forms 945 timely from at least 2004 to 2010. *See* Def.'s Reply 14, ECF No. 43. Indeed, in the summer of 2008 CBTC had not filed any Forms 945

for over five years. *Id.* While CBTC does allege it attempted to file some of these forms earlier, it never alleges it filed these forms before the summer of 2008. *See* Pl.'s Resp. to Informal Discovery Requests 6 – 7, ECF No. 41-1.

To further compound this indifference to understanding its tax filing obligations, CBTC admits that the departure in 2004 of Linda Reas "caused a loss of institutional knowledge during the Tax Periods regarding these filings and the required process for deposits pursuant to Section 6656 of the Code." Pl.'s Resp. 32 n.20, ECF No. 40. The Senior Vice President and Manager of Trust Operations for CBTC explicitly stated that "due to Ms. Reas' resignation from [CBTC] on or around January 2004, there was an internal breakdown in its preparing and filing of the Returns for five years (tax years 2003 through 2008)...." Prince Aff. ¶ 6, ECF No. 41-1.

Banks, such as CBTC, are sophisticated and complex financial institutions that are sometimes responsible for understanding and complying with the detailed minutia of extremely intricate tax regulations. This is not one of those regulations. Here, there was an unambiguous regulation requiring CBTC to electronically file its returns that the Internal Revenue Service further reiterated in required tax filings. CBTC may have been unaware of this requirement, but it is required to know its own tax obligations. *See Boyle*, 469 U.S. at 249. More egregiously, CBTC admitted it was aware that there was an internal breakdown in preparing tax returns and loss of institutional knowledge specifically in following Section 6656. CBTC failed to cure this defect in a timely manner, and as a byproduct the bank continually failed to meet filing obligations.

This reckless indifference in adhering to the filing standards amounts to willful neglect and no reasonable juror viewing the evidence most favorable to CBTC could find otherwise.

2. Reasonable Cause

Section 6656 and the subsequent interpretive regulations do not define reasonable cause. However, regulations issued under 26 U.S.C. § 6651(a), which is a provision within the same subchapter dealing with failure to file tax returns, offer a definition that federal courts have found applicable to the Section 6656 context. *See* 26 C.F.R. § 301.6651–1(c); *see also Midwest Terminals, Inc. v. United States*, 882 F. Supp. 627, 628 (W.D. Ky. 1992). "Reasonable cause connotes that the taxpayer exercised ordinary business care and prudence with regards to its decisions and/or methods." *F.E. Schumacher Co. v. United States*, 308 F. Supp. 2d 819, 833 (N.D. Ohio 2004); *see also Boyle*, 469 U.S. at 245.

CBTC offers a wide-range of arguments in its nearly 40-page response in search of a reasonable cause. However, none of CBTC's arguments offers a reasonable cause for CBTC's failure to use the EFTPS. The bank argues that it was not aware of the regulation and that the Internal Revenue Service continued to send it Form 8109 personalized deposit coupons. Whether CBTC was aware of the requirement or continued to receive personalized deposit coupons is immaterial to the penalty as "ignorance of the law does not amount to reasonable cause" adequate to invalidate tax penalties. *Christman v. United States*, 110 Fed. Cl. 1, 8 (2013) (citations and quotations omitted); *see also Joye v. C.I.R.*, 83 T.C.M. 1091 (2002) (stating that "mistake as to, or ignorance of, the law does not constitute reasonable cause under [Section] 6651(a)(1) and (2)").

CBTC also argues that because it paid its taxes, the United States should not be able to now keep the monetary penalty. Whether CBTC actually paid all of its taxes is immaterial. Here, CBTC argues that an IRS agent told it in the summer of 2008 that if it paid all taxes in full the

8

United States would not impose a penalty. Prince's sworn testimony, however, does not identify which penalty – the EFTPS-related penalty or a more general failure to pay penalty – was discussed. *See* Prince Aff. ¶ 10. While CBTC argues that "Prince and the Service employee specifically discussed the EFTPS or the related 10% penalty," Pl.'s Resp. 22, CBTC's own Response and the Taxpayer Advocate Service case history it cites to as support contradicts this position. In its Response, CBTC cites a Taxpayer Advocate Service case history that stated

> Based on calls to the IRS, [CBTC] was initially informed that the IRS had assessed penalties for returns that had not been filed and that once the returns were filed there would be no penalty as long as there was no amount due. In a subsequent IRS conversation, after the tax lien had filed, [CBTC] was notified that the penalty was due to late deposits and not from return filing.

29. As CBTC asserts and provides evidence that it did not discover the nature of the penalties until 2011, CBTC's unsupported argument that a 2008 conversation with an IRS agent included discussion related to these penalties is without merit.

Lastly, for the reasons stated in Section 1 of this opinion, CBTC failed to exercise "ordinary business care and prudence with regards to its decisions and/or methods" in filing its taxes. *F.E. Schumacher Co.*, 308 F. Supp. 2d at 833; *see also Boyle*, 469 U.S. at 245. The Court finds that a reasonable juror viewing the evidence most favorable to CBTC could only find that CBTC lacked a reasonable cause when it failed to adhere to the relevant filing requirements.

## **CONCLUSION**

For the reasons stated above, the Court will *sua sponte* dismiss in part CBTC's claims for lack of subject matter jurisdiction and grant the United States' motion for summary judgment for the remaining claims.

The Court will enter a separate order in accordance with this opinion.

January 28, 2016

**Charles R. Simpson III, Senior Judge**
**United States District Court**

10